UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MODY SAID, *Plaintiff* | § § § | |
| v. | § § | No. A-21-CV-01132-RP |
| CHRISTOPHER WRAY, HEAD OF THE FBI, ET. AL., *Defendants* | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Christopher J. Rondeau's Motion to Dismiss, Dkt. 10; Defendants Austin Police Department and Joseph Cachon's Motion to Dismiss, Dkt. 23; Defendant Christopher Wray's Motion to Dismiss Dkt. 24; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.   BACKGROUND

Plaintiff Mody Said[1] alleges an "obstruction of justice" claim against Defendants Christopher Wray, Christopher J. Rondeau, Joseph Chacon, Excel Fitness d/b/a Planet Fitness, and the Austin Police Department (collectively, "Defendants"). Dkt 12. Said claims that Wray, acting as Director of the Federal

---

[1] Said currently has four cases on file, including the instant case, where he has named Christopher Wray as a defendant. *See* 1:21-CV-869-RP; 1:21-CV-1172-RP; and 1:22-CV-62-RP.

1

Bureau of Investigation, coordinated with the other defendants to steal Said's phone while he "was working out at Planet fitness." *Id.* at 2. Said alleges that Wray stole his phone "to exert revenge" on Said for initiating another lawsuit in state court.[2] *Id.* Said further alleges that the other defendants named in this lawsuit acted as accomplices by coordinating with Wray to carry out and cover up the theft of his phone from the gym. *Id.* at 2-3. Said seeks over $1,000,000 in damages, and a "referral to pursue criminal charges" against Defendants. *Id.* at 3.

Defendants Christopher Wray, Christopher J. Rondeau, Joseph Chacon, and the Austin Police Department all moved to dismiss Said's complaint, Dkts. 10; 23; 24, while Defendant Excel Fitness d/b/a Planet Fitness moved for a more definite statement. Dkt. 21. In his response, Said refers to his pending motion to appoint counsel, Dkt. 25, arguing that the Court should not rule on the motions to dismiss until he has been appointed counsel. Dkt. 26, at 1-2.

## II.   LEGAL STANDARDS

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to

---

[2] Said alleges that he has a pending state court action in Travis County styled as *Said v. Valdes*, D-1 -GN- 21-005869, District Court of Travis County, Texas 250th Judicial District. Dkt. 12, at 2.

dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely

granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   DISCUSSION

Said alleges one count of obstruction of justice against all Defendants. Dkt. 12, at 2-3. Specifically, Said alleges that Wray coordinated with his "accomplices," including an unnamed assistant manager at Planet Fitness and the Austin Police Department, to steal Said's cell phone from Planet Fitness, and illegally access his personal accounts. *Id.* Said purports to bring his obstruction of justice claim against Wray and his accomplices under "Chapter 73, of Title 18 of the US Code." *Id.* at 1; 18 U.S.C. §§ 1501-17. Defendants Christopher Wray, Christopher J. Rondeau, Joseph Chacon, and the Austin Police Department's offered various bases for dismissal of Said's complaint, *see* Dkts. 10; 23; 24, yet the undersigned finds that Said has failed to state a claim for obstruction of justice against any defendant because there is no private right of action to sue for such a criminal offense.

While 18 U.S.C. §§ 1501 to 1517 provide for a criminal obstruction of justice, these statutes do not provide for a private right of action. *See Zastrow v. Hous. Auto Imps. Greenway Ltd.*, 789 F.3d 553, 560 n.3 (5th Cir. 2015); *accord Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *see also Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007), *report and recommendation adopted*, No. 3:07 CV 0561 M, 2007 WL 1300780 (N.D. Tex. May 2, 2007) ("federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action."). Because obstruction of justice is a crime, and

"a private citizen is not entitled to bring a civil action for violations of criminal statutes," Said has failed to state a claim against any defendant in this lawsuit.[3] *Boone v. Bowie Cty., Tex.*, No. 3:18-CV-02438-S-BT, 2019 WL 3469162, at *2 (N.D. Tex. June 27, 2019), *report and recommendation adopted*, No. 3:18-CV-02438-S (BT), 2019 WL 3459839 (N.D. Tex. July 30, 2019) ("Obstruction of justice [is a] crime[], and a private citizen is not entitled to bring a civil action for violations of criminal statutes."). Therefore, Said's complaint should be dismissed.

## IV.     FRIVOLOUS LITIGANT WARNING

Said has brought four separate causes of actions against similar defendants. *See Said v. Wray,* 1:21-CV-869-RP; 1:21-CV-1172-RP; and 1:22-CV-62-RP. These pleadings are partly duplicative, and in the instant case, frivolous. A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

---

[3] The undersigned further finds that "exceptional circumstances" do not warrant the appointment of counsel in this case, nor would such an appointment change the outcome of the pending motions to dismiss. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) ("a district court is not required to appoint counsel in the absence of 'exceptional circumstances'").

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the Court **WARNS** Said that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits if he continues to file duplicative and frivolous claims and otherwise abuse his access to the judicial system.

## V.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants Christopher Wray, Christopher J. Rondeau, Joseph Chacon, and the Austin Police Department's Motions to Dismiss, Dkts. 10; 23; 24, and **DISMISS** this cause of action in its entirety, including all other pending motions.

**IT IS FURTHER ORDERED** that this cause of action is **REMOVED** from the undersigned's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

## VI.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 18, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE